UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| William H.,[1] <br><br>　　　　Plaintiff, <br><br>v. <br><br>Kilolo Kijakazi, <br>*Acting Commissioner of Social Security,* <br><br>　　　　Defendant. | Case No. 21-cv-1994 (JRT/LIB) <br><br><br>**REPORT AND RECOMMENDATION** |

　　　　This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636 and upon Plaintiff William H.'s Motion for Attorney's Fees. [Docket No. 37]. Pursuant to the Local Rules governing motions filed in Social Security cases in this District, the Court took Plaintiff's Motion under advisement on the written submissions of the parties. (Order [Docket No. 38]). Through the present Motion, Plaintiff seeks attorney's fees in the amount of $4,198.52, and costs in the amount of $402.00.

　　　　For the reasons set forth herein, the undersigned recommends that Plaintiff's Motion for Attorney's Fees, [Docket No. 37], be **GRANTED**.

**I.　　Background**

　　　　Plaintiff initiated this action on September 7, 2021, by filing his Complaint. [Docket No. 1]. Through this action, Plaintiff sought to appeal the Commissioner's decision (through the Administrative Law Judge "ALJ") denying Plaintiff's request for disability benefits. (Id.).

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions such as the present Report and Recommendation. Accordingly, where the Court refers to Plaintiff, only his first name and last initial will be provided.

On April 25, 2022, the parties filed a "Joint Stipulation for Remand to Agency for Further Proceedings Pursuant to Sentence 4 of 42 U.S.C. § 405(g)." [Docket No. 29].

On May 4, 2022, the Court issued an Order approving the parties' Joint Stipulation requesting remand of the present case. (Order [Docket No. 33]). Pursuant to the Court's May 4, 2022, Order, the present case was remanded to the Commissioner of Social Security for further administrative action, pursuant to sentence four of 42 U.S.C. § 405(g).[2]

## II. Standard of Review

Under the Equal Access to Justice Act ("EAJA"), District Courts have the authority to award costs and attorney fees to a prevailing plaintiff in an appeal from a denial of disability benefits by the Commissioner. The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

A plaintiff bears the burden of establishing that he was a "prevailing party" under the EAJA. Huett v. Bowen, 873 F.2d 1153, 1155 (8th Cir. 1989). If a plaintiff establishes that he is a prevailing party, the burden then shifts to the Government to prove that it was substantially justified in asserting its position. Bah v. Cangemi, 548 F.3d 680, 684 (8th Cir. 2008).

> Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

---

[2] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

28 U.S.C. § 2412(d)(1)(B). The Government must show that its "position was substantially justified at both the administrative and litigation levels." <u>Gowen v. Bowen</u>, 855 F.2d 613, 615 (8th Cir. 1988).

### III.  Discussion

As noted above, the plaintiff bears the burden of establishing that he was the "prevailing party" under the EAJA. <u>Huett</u>, 873 F.2d at 1155. A "sentence four" remand renders a plaintiff the "prevailing party" under the EAJA. <u>Shalala v. Schaefer</u>, 509 U.S. 292, 300–01 (1993).

In the present case, the record before the Court unequivocally demonstrates that Plaintiff is a prevailing party under the EAJA. Accordingly, for the purposes of the present matter before the Court, the burden shifts to the Defendant to show that her position was substantially justified.

Defendant does not contend that her position was substantially justified or that an award of attorney's fees is otherwise unjust. (<u>See</u>, Def.'s Response to Plf.'s Mot. [Docket No. 39]). In fact, Defendant asserts that she has no objection to the Court approving attorney's fees for Plaintiff in the amount requested by Plaintiff. (<u>Id.</u>). Therefore, the Court concludes that Defendant has not carried her burden of showing that her position on review of the ALJ's decision was substantially justified.

Accordingly, Plaintiff is entitled to an award of attorney's fees under the EAJA.

Having determined that Plaintiff is entitled to an award of attorney's fees, the Court turns to the sufficiency of the evidence supporting Plaintiff's request for $4,198.52 in attorney's fees. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).

3

**A. Number of Hours**

In determining the number of hours reasonably expended on litigation, the Court reviews an "itemized application for excessive, redundant, or otherwise unnecessary hours, i.e., hours that would be unreasonable to bill to a claimant." Knudsen v. Barnhart, 360 F. Supp. 2d 963, 976 (N.D. Iowa 2004).

In support of the present Motion, Plaintiff asserts that during the course of the present action, two attorneys cumulatively spend a total of 19.3 hours representing Plaintiff's interest in this case. In support of that assertion, Plaintiff's counsel submitted a signed declaration containing the number of hours expended representing Plaintiff's interest in the present case, as well as, an itemized list describing how each increment of that time was spent. (Subbaraman's Decl. [Docket No. 37-1]).

Defendant does not argue that the number of hours Plaintiff's attorneys spent representing Plaintiff's interest is unreasonable. (See, Def.'s Response to Plf.'s Mot. [Docket No. 39]). The Court, upon its independent review of the record, concludes that the 19.3 hours cumulatively expended by Plaintiff's attorneys in the present case are reasonable as supported by the description of the activities identified in the itemization provided in support of the present fee petition. See, e.g., Stockton v. Shalala, 36 F.3d 49, 50 (8th Cir. 1994). Accordingly, the reasonable number of hours for which Plaintiff may seek attorney's fees under the EAJA is 19.3 hours in the present case.

**B. Hourly Rate**

The EAJA allows for calculating the hourly rate for an award of attorney's fees under the statute by reference to prevailing market rates, but expressly sets forth that awards of attorney's fees under the EAJA may not exceed the rate of $125 per hour "unless the court determines that

an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). In the present Motion for fees, Plaintiff requests that his award for attorney's fees be calculated at an hourly rate of $217.54 per hour. (See, Plf.'s Mot. [Docket No. 37]). Defendant does not object to this hourly rate nor the resulting total fees award requested. (See, Def.'s Response to Plf.'s Mot. [Docket No. 39]).

In support of this increase in hourly rate over the statutory rate of $125.00 an hour, Plaintiff asserts that the Consumer Price Index has risen to approximately 270.97 since the setting of the statutory rate. (Plf.'s Mot. [Docket No. 37], at 1 n.1). In support of this assertion, Plaintiff relies upon information regarding the Consumer Price Index figures from the Bureau of Labor Statistics. (Id. (citing the website of the Bureau of Labor Statistics)).

In accordance with the EAJA, the Eighth Circuit has held that "proper proof" of an increase in the cost of living "sufficient to justify hourly attorney's fees of more than" the statutorily established amount, is a copy of the consumer price index. Johnson v. Sullivan, 919 F.2d 503 (8th Cir.1990). Even where such proof is provided, however, the decision to increase the hourly rate to account for cost of living increases is not automatic and remains at the discretion of the District Court. Clements v. Astrue, No. 8-cv-4078, 2009 WL 4508480, at *3 (W.D. Ark. Dec. 1, 2009) (citing McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989)).

The Consumer Price Index in March of 1996—when the statutory attorney's fee rate was established—was 151.7 according to data from the Bureau of Labor Statistics. Plaintiff asserts that the Consumer Price Index had risen to an average of 270.97 in 2021 when Plaintiff initiated the present action. Therefore, due to this increase, Plaintiff argues, the statutory cap of $125.00

per hour should be increase $217.54 per hour. Defendant does not oppose this calculation nor the resulting increase in the hourly rate. (See, Def.'s Response to Plf.'s Mot. [Docket No. 39]).

The Court finds that, given the increase in the Consumer Price Index and Defendant's agreement thereto, Plaintiff's requested hourly rate of $217.54 is reasonable. See, e.g., Dorelle H. v. Kijakazi, No. 20-cv-1057 (NEB/BRT), 2021 WL 8314955, at *1 (D. Minn. Nov. 22, 2021) (finding that a rate of $208.75 was reasonable for work performed in 2020 and rate of $212.50 per hour for work performed in early 2021); Holly G. v. Kijakazi, No. 20-cv-2279 (ECT/LIB), 2022 WL 1205421, at *6 (D. Minn. Apr. 6, 2022) (finding that a rate of $209 was reasonable in seeking fees pursuant to the EAJA based on the increase in the cost of living since the statutory rare was established), report and recommendation adopted, 2022 WL 1204827 (D. Minn. Apr. 22, 2022); DeAnna T. v. Kijakazi, No. 20-cv-576 (ECW), 2022 WL 406658, at *3 (D. Minn. Feb. 10, 2022) (finding that a rate of $207.21 was reasonable in seeking fees pursuant to the EAJA); Gloria P. v. Kijakazi, No. 20-cv-1542 (ECT/LIB), 2022 WL 1064455, at *5 (D. Minn. Mar. 23, 2022) (finding that a rate of $205 was reasonable in seeking fees pursuant to the EAJA), report and recommendation adopted, 2022 WL 1063948 (D. Minn. Apr. 8, 2022); Ibrahim v. Barr, No. 18-cv-1883 (PAM/BRT), 2019 WL 1487850, at *3 (D. Minn. Apr. 4, 2019) (finding that a rate of $202 was reasonable in seeking fees pursuant to the EAJA in a case filed in 2018).

Based on the current record, the Court concludes that Plaintiff is entitled to a cost of living upward adjustment from the EAJA statutorily established maximum hourly rate of $125.00 for attorney's fees awards. The Court further concludes that the requested $217.54 per hour rate is reasonable in light of the significant increase in the Consumer Price Index since the original enactment of the $125.00 statutory rate guideline.

6

Accordingly, upon the agreement of the parties and the Court's finding that the hourly rate is not excessive, the reasonable hourly rate for which Plaintiff may seek attorney's fees under the EAJA is $217.54 per hour.

### C. Amount of the Award

As discussed above, the Court concludes that the hours expended by Plaintiff's attorneys that may be reasonably used in calculating the award of attorney's fees in the present case is 19.3 hours. The reasonable hourly rate to be used in calculating that award is $217.54 per hour. Applying the reasonable hourly rate to the hours that may be reasonably used in calculating the attorney's fees to which Plaintiff is entitled produces an award of $4,198.52.

### D. To Whom the Award for Attorney's Fees Should be Made

The text of the EAJA authorizes a court to award fees and expenses to a prevailing party without reference to the prevailing party's attorney. See, 28 U.S.C. § 2412(d)(1)(A). Defendant argues that, pursuant to Astrue v. Ratliff, 560 U.S. 586 (2010), the award of fees should be made payable to Plaintiff, as it is subject to offset to satisfy any pre-existing debt that Plaintiff may owe to the United States. (Def.'s Response to Plf.'s Mot. [Docket No. 39]).

In Ratliff, the Supreme Court expressly held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Ratlif, 560 U.S. at 589. The Supreme Court reasoned that "the term prevailing party in fee statutes is a term of art that refers to the prevailing litigant," and therefore, any fees awarded under the EAJA must be paid directly to the prevailing litigant and not to the litigant's attorney. Id. at 591–93. "The fact that the statute awards to the prevailing party fees in which [his] attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney." Id. at 593.

This Court finds that, on the present record, directing the award of attorney's fees to be made payable to Plaintiff is in accordance with United States Supreme Court precedent. See, Ratlif, 560 U.S. at 593. Therefore, the Court recommends that the fee award be made payable to Plaintiff.

### E. Costs

Plaintiff also requests recovery of $402.00 in costs. This amount reflects $402.00 for the case filing fee. Defendant does not object to Plaintiff's request for $402.00 in costs. (See, Def.'s Response to Plf.'s Mot. [Docket No. 39]) ("Defendant respectfully requests that the Court enter an order specifically awarding attorney fees of $4,198.52 and costs of $402.00 so that the costs incurred in this action can be properly reimbursed from the judgment fund.").

The Court finds Plaintiff's request for an award of costs in the amount of $402.00 to be reasonable and appropriate. On that basis, and again in light of Defendant's agreement thereto, the Court concludes that Plaintiff is entitled to an award of $402.00 in costs.

### IV. Conclusion

For the reasons set forth above, and based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's Motion for Attorney's Fees, [Docket No. 37], be **GRANTED**;

2. Plaintiff be awarded attorney's fees in the amount of $4,198.52, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 as more fully discussed above;

3. Plaintiff be awarded costs in the amount of $402.00, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 as more fully discussed above; and

4. This award be found to fully and completely satisfy any and all claims for fees, costs, and/or expenses that may have been payable to Plaintiff in this matter pursuant to the Equal Access to Justice Act.

Date: September 21, 2022                              s/Leo I. Brisbois
                                                     Hon. Leo I. Brisbois
                                                     U.S. MAGISTRATE JUDGE

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).